UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Chung Mao Shung
942 Junesong Way
San Jose, CA 95133

Plaintiff,

VS.

Michael Chertoff, Secretary
U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

Emilio T. Gonzalez, Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
425 Eye St. NW
Washington, DC 20536,

U.S. Citizenship and Immigration Services
425 Eye St. NW
Washington, DC 20536,

Christina Poulos, Director
California Service Center
U.S. Citizenship and Immigration Services
24000 Avila Rd., 2nd Floor, Room 2312
Laguna Niguel, CA 92677

Robert Mueller, Director
Federal Bureau of Investigation
Office of the General Counsel
Room 7427
935 Pennsylvania Avenue, NW
Washington, DC 20535,

WRIT FOR MANDAMUS,
DECLARATORY AND INJUNCTIVE
RELIEF

Civil Action: 06-
Judge:
Filed:

Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

United States of America
U.S. Attorney
555 Fourth Street, NW
Washington, DC 20530
Defendants.

<u>**COMPLAINT FOR MANDAMUS,
DECLARATORY AND INJUNCTIVE RELIEF**</u>

Plaintiff presents instant Complaint before this honorable court requesting relief against Defendants for their actions and for their failure to act in accordance with law.

# I. INTRODUCTION

1. This is a complaint for relief pursuant to law including the U.S. Constitution, Mandamus Act (28 U.S.C. § 1361 (2006)), Declaratory Judgment Act (28 U.S.C. § 2201 (2006)), and the Administrative Procedure Act (5 U.S.C. § 551 et seq. (2006)). This action challenges the unreasonable delays in processing the Plaintiff's Employment-Based Adjustment of Status (AOS) Application pending before the California Service Center of the United States Citizenship and Immigration Services (USCIS). This action further challenges the USCIS policy of requiring repeated applications for issuance of Employment Authorization and Advance Parole and for repeated fingerprints during the pendency of the AOS Application.

2. The process of obtaining employment-based U.S. Lawful Permanent Residence ("green card") has become egregiously whimsical and inconsistent over the past few years.

3. The Defendants have administered immigration laws by ad-hoc memoranda and unwritten policy rather than by regulation. The lack of appropriate regulations and the atmosphere of uncertainty are illegal and have directly thwarted the will of Congress, as articulated in various ameliorative statutes.

4. Defendants' action and inaction have directly and proximately injured and continue to directly and proximately injure the plaintiff.

5. A more detailed, but in no way exhaustive, enumeration of the harm suffered by the Plaintiff is submitted under the caption "INJURY TO PLAINTIFF."

## II. JURISDICTION

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2006) (federal question jurisdiction) because Plaintiff's claims arise under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, various provisions of Title 8 U.S.C. § 1101 et seq. (2006), (Immigration & Nationality Act, "INA") and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action, *inter alia*, under 28 U.S.C. § 1361 (2006) (Mandamus Act); 28 U.S.C. § 1651 (2006) (All Writs Act); 28 U.S.C. § 2201 (2006) (Declaratory Judgment Act); and under 5 U.S.C. § 551 et seq. (2006) (Administrative Procedure Act).

7. There are no administrative remedies available to Plaintiff to redress the grievances described herein. This action challenges only the Defendants'

timeliness in adjudications, procedural policies and related practices, not the granting or denial of the AOS application. Therefore, the jurisdictional limitations of 8 U.S.C. § 1252 (2006) are not applicable.

## III. VENUE

8. Pursuant to 28 U.S.C. § 1391(e) (2006), venue is proper in this judicial district because the Defendants operate within this district and maintain headquarters in Washington, D.C., and because a substantial part of the events or omissions giving rise to the claims herein occurred in Washington, D.C.

## IV. PARTIES

**Plaintiff**

9. Plaintiff is a citizen of Taiwan and an engineer by profession. He is presently employed as a Hardware Design Engineer with Actiontec Electronics, located at 760 N. Mary Avenue, Sunnyvale, California 94085.

10. Plaintiff's AOS application is pending as of the date of this Complaint before the California Service Center of the USCIS since July 2, 2003. The plaintiff appears before this honorable court in his own behalf as an individual.

**Defendants**

11. Michael Chertoff is the Secretary of the Department of Homeland Security (DHS). Pursuant, *inter alia*, to 8 U.S.C. § 1103 (2006), Secretary Chertoff is charged with, among other matters, administering the USCIS and implementing and enforcing the Immigration and Nationality Act. As such, he has ultimate decision-making authority over the matters alleged in this Complaint.

12. Alberto Gonzales is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C § 1103 (2006), he is charged with controlling determination of issues of law pertaining to immigration and with representing the United States of America in various legal matters.

13. Emilio T. Gonzalez is the Director of USCIS of the DHS. In his capacity as the Director of USCIS, Mr. Gonzalez is responsible for the administration of immigration benefits and services including the processing of citizenship applications, and family and employment-based petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

14. Christina Poulos is the Director of the California Service Center of USCIS of the DHS. In her capacity as the Director of the California Service Center, Ms. Poulos is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, she has decision-making authority over some of the matters alleged in this Complaint.

15. Robert Mueller is the Director of the Federal Bureau of Investigation (FBI). In his capacity as the Director of the FBI, Mr. Mueller is responsible for the administration of services including the processing of security and name checks as requested by USCIS. As such, he has decision-making authority over some of the matters alleged in this Complaint.

## V. FACTS

16. A petition for immigrant visa (Form I-140) was filed with the California Service Center on July 3, 2003 (bearing Receipt Number: WAC-03-205-50215), under the third preference category compromising "skilled workers or professionals."[1]

17. California Service Center approved the immigrant petition filed for the Plaintiff on October 8, 2004.

18. Plaintiff validly filed an AOS application (Form I-485) on July 2, 2003 (bearing Receipt Number: WAC-03-205-50115), which is currently pending before the California Service Center of the USCIS. As of the date of filing the instant Complaint, **Plaintiff's AOS application has been pending for over three years**.

19. Plaintiff is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

20. An immigrant visa was immediately available to the Plaintiff at the time his AOS application was filed (i.e., on July 2, 2003).

21. Under 8 U.S.C. § 1571 (2006), Congress clearly expressed the opinion that a reasonable time for AOS adjudications is approximately six months.

22. Pursuant to 8 U.S.C. § 1571 (2006) and 5 U.S.C. § 555(b) (2006), Defendants have exceeded the bounds of reasonableness in the time for adjudications.

23. During the pendency of the AOS applications, it is the Defendants' policy to require repeat Employment Authorization Documents as well as fingerprinting.

24. Since July 2, 2003, Plaintiff applied for Employment Authorization four times. These Employment Authorization Documents were valid from October 3, 2003 to

---

[1] 8 U.S.C. 1153(b)(3)(A) (2006)

October 2, 2004, July 14, 2005 to March 13, 2006, August 4, 2005 to August 3, 2006, and August 4, 2006 to August 3, 2007.

25. Since July 2, 2003, Plaintiff requested advance parole two times, which were issued by USCIS on October 13, 2003 and April 20, 2005.

26. In addition, since July 2, 2003, Plaintiff has been required to apply for fingerprinting on two occasions, once on October 23, 2004 and another on June 13, 2006.

27. Plaintiff has made numerous inquiries regarding the status of his case including one made on December 4, 2005 and September 27, 2005 to USCIS, but to no avail. Plaintiff also made several inquires to the FBI including an inquiry made on June 4, 2006. Plaintiff also made an inquiry with the Office of U.S. Representative Michael M. Honda in April and August of 2005.

## VI. RELEVANT LAW AND PROCEDURES

**Employment-Based Categories**

28. Under INA, the employment-based category is divided into five preferences or groupings. 8 U.S.C. § 1153(b) (2006).

29. The highest priority, first employment-based "priority workers," consists of:

   a) Aliens with extraordinary ability;

   b) Outstanding professors and researchers; and

   c) Certain multinational executives and managers subject to international transfer to the United States.

30. The second employment-based preference consists of professionals holding advanced degrees or their equivalent or who, because of their exceptional ability

in the sciences, arts, or business, will substantially benefit the national economy, cultural or educational interests, or welfare of the United States.

31. The third employment-based preference comprises certain professional, skilled and unskilled workers where qualified workers are not available in the United States.

32. The fourth employment-based preference consists of certain special immigrants, including ministers of religion.

33. The fifth employment-based category includes alien investors who create or maintain at least ten jobs in the U.S., none of which can be for their own family members.

**Timeliness Requirements and Consequences**

34. Section 202 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C. § 1571 (2006), clearly lays down the parameters of reasonableness in immigration adjudications, stating: "It is the sense of Congress that the processing of an immigration benefit application should be completed *not later than 180 days* after the initial filing of the application . . . ." 8 U.S.C. § 1571 (2006) (emphasis added).

35. Section 204 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C § 1573 (2006), mandates that the "Attorney General shall take such measures as may be necessary to . . . reduce the backlog in the processing of immigration benefit applications, with the objective of the total elimination of the backlog 1 year after November 25, 2002" (as amended). The Section also

mandates that future backlogs must be prevented and infrastructure improvements must be made for effective provision of immigration services.

36. The Immigration Services and Infrastructure Improvements Act of 2000 was enacted on 17 October 2000, more than five years ago. Despite the expressed objective in 8 U.S.C. § 1573 (2006), Defendants have even failed to promulgate regulations that would at least permit orderly administration of laws and procedures.

37. Defendants are required by 5 U.S.C. § 555(b) (2006) to "conclude a matter" within "a reasonable time."

38. Most applicants for AOS are in the United States on nonimmigrant status such as H, L, O, etc. 8 U.S.C. § 1101(a)(15) (2006). After going through appropriate procedures, individuals may apply to "adjust" their status to that of lawful permanent resident (LPR). 8 U.S.C. § 1255 (2006).

39. LPR's (also referred to as green card holders) enjoy many advantages over nonimmigrant status. As the name implies, LPR's have the privilege of residing and working permanently in the United States. 8 U.S.C. § 1101(a)(20) (2006). They may travel outside the United States freely and generally are readmitted to the United States automatically. 8 U.S.C. § 1101(a)(13)(C) (2006). They may petition to immigrate close family members. 8 U.S.C. §§ 1151, 1153 (2006); 8 C.F.R. § 204 (2006).

40. LPR's may retain their LPR status for the rest of their lives or, after five years of LPR status, they may apply to naturalize, that is, to become a United States citizen. 8 U.S.C. § 1427(a) (2006). Citizenship conveys many benefits over LPR

status. Citizens may vote. They may apply for and receive a United States passport. They cannot be deported from the United States. They may travel freely into and out of the United States. They may petition for immigration of family members as "immediate relatives," thus eliminating many long waiting periods. 8 U.S.C. § 1151(b)(2)(A)(i) (2006). They may hold many jobs that are restricted to United States citizens. They may run for public office.

41. LPR status is a prerequisite for naturalization. Thus, any delay in adjusting to LPR status also delays eventual naturalization.

**Employment Authorization**

42. It is unlawful for an employer to hire an alien who is not authorized to work in the United States. 8 U.S.C. § 1324a (2006). AOS applicants are authorized to work in the United States upon approval of their Employment Authorization Document ("EAD"). 8 C.F.R. § 274a.12(c)(9) (2006).

43. Defendants limit the duration of AOS applicants' EAD to one year.

**Repeated Fingerprints**

44. Defendants require AOS applicants to be fingerprinted before their adjustment applications are granted. AOS applicants who are 14 years old or older must pay a fingerprint-processing fee and must appear at a USCIS Application Support Center (ASC) to be fingerprinted.

45. After 15 months, the Defendants consider the fingerprints to have expired. The Defendants have obligated the Plaintiff to be fingerprinted again during the pendency of his AOS Application at additional expense and inconvenience, even though, of course, his fingerprints have not changed.

## VII. INJURY TO PLAINTIFF

46. Because Plaintiff has waited and will continue to wait significantly longer to become an LPR, he is unable to stabilize his life. His status in the United States of America has been and will continue to be uncertain. Plaintiff has been and will continue to be afraid to accumulate assets in the United States because he fears that he may ultimately lose permanent residence status and be required to depart. He is unable to plan his future appropriately because he does not know when he will become a permanent resident.

47. Plaintiff has suffered and will continue to suffer considerable setbacks in his career because of delayed adjudication. Plaintiff has been unable to accept any promotions during the pendency of his AOS application. The plaintiff has been restricted to remaining in the present position, and has therefore been unable to further himself professionally.

48. Plaintiff has lost and will continue to lose significant work time while pursuing his adjustment application, making inquiries at USCIS offices, meeting with lawyers, applying for employment authorization and travel documents each year and otherwise pursuing his delayed permanent residency.

49. Because of Defendant's policies and practices as described herein, Plaintiff has had to wait and will continue to have to wait many years to adjust his status. Plaintiff has had to and will continue to have to submit to repeated fingerprinting at considerable cost and inconvenience. Since July 2, 2003, Plaintiff has gone for fingerprinting on two occasions including one on June 13, 2006. On these occasions, Plaintiff had to take considerable time off from his work.

50. Because Defendants have unreasonably delayed Plaintiff's AOS Application, Plaintiff's naturalization has also been delayed. Career setbacks are but one of a long list of harms suffered by Plaintiff. To list just a few, Plaintiff has been and will continue to be unable to become eligible to vote and to participate fully in our democracy.

51. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff has had to and will continue to have to obtain EAD's and to pay for repeated renewals of those EAD's, resulting in significant out-of-pocket expenses and inconvenience. Since July 2, 2003, Plaintiff has applied for employment authorization four times.

52. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff has had to and will continue to have to submit to repeated fingerprinting, resulting in significant out-of-pocket expenses and inconvenience. If the Plaintiff fails to appear for fingerprinting, there is a substantial risk that USCIS will consider his AOS application to have been abandoned.

53. Plaintiff has reason to believe that some part of the delay may be attributable to investigations pending before the Federal Bureau of Investigation.

54. Plaintiff's rights to due process of law under the Fifth Amendment to the U.S. Constitution has been and is being violated and will continue to be violated by Defendants' policies and practices as described herein.

## VIII. GROUNDS FOR RELIEF

55. Defendants, despite having a duty to act within a reasonable time, have failed to process and adjudicate Plaintiff's applications within a reasonable time.

56. Defendant USCIS has a legal duty to process and adjudicate Plaintiff's application within a reasonable time. This duty is a non-discretionary duty mandated by federal law and judicial precedent.

57. In failing to process Plaintiff's application and adjudicate his case within a reasonable time, USCIS has directly and proximately caused unnecessary and injurious delays to Plaintiff, in violation of his rights.

58. Plaintiff has exhausted all administrative remedies available and has determined that no adequate remedy exists.

59. Defendants' policies and procedures requiring repeated EAD applications and fingerprints are arbitrary and illegal.

**Count I.**
**Mandamus Action**
**28 U.S.C. § 1361**

60. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

61. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

62. Defendants bear sole responsibility for adjudication of AOS Applications within a reasonable time and for orderly attendant procedures.

63. Defendants have failed to discharge their mandated duties.

64. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

65. Plaintiff has exhausted all possible administrative remedies.

66. There exists no other adequate remedy.

67. Strong humanitarian factors favor the grant of Mandamus relief.

**Count II.**
**Fifth Amendment**

68. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

69. Defendants' policies, practices and customs violate Plaintiff's Fifth Amendment substantive and procedural due process rights protected by the U.S. Constitution.

70. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count III.**
**Violation of INA**
**8 U.S.C. § 1101 et seq.**

71. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

72. Defendants' policies, practices and customs violate the INA as well as the Immigration Services and Infrastructure Improvements Act of 2000 §§ 202, 204, 8 U.S.C §§ 1571, 1573 (2006).

73. Defendants have failed to discharge their mandated duties.

74. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count IV.**
**Administrative Procedures Act**
**5 U.S.C. § 555 and 5 U.S.C. § 701 et seq.**

75. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

76. By failing to render a timely decision and by requiring repeated applications, Defendants' practices and procedures violate the Administrative Procedure Act and constitute agency action that is arbitrary, capricious, and not in accordance

14

with law. *See* 5 U.S.C. §§ 555, 701 et seq. (2006); *See also* 5 U.S.C. § 706(1) (2006) ("[A]gency action unlawfully withheld or unreasonably delayed").

77. Defendants have failed to discharge their mandated official duties.

78. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count V.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201**

79. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

80. Defendants' actions and decisions relating to delays in AOS adjudications and attendant procedures are unconstitutional, violate the INA, and are arbitrary and capricious. Plaintiff seeks a declaration to that effect under 28 U.S.C. § 2201 (2006).

81. Defendants have failed to discharge their mandated duties.

82. As a direct and proximate result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count VI.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. §2412**

83. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

84. If he prevails, Plaintiff will seek attorney fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 (2006) and 28 U.S.C. §2412 (2006).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that the honorable Court grant the following relief:

i.  Assume jurisdiction over this cause;

ii. Declare that the Defendants' actions are an illegal, arbitrary and capricious abuse of discretion;

iii. Declare that Defendants' failure to act is an illegal, arbitrary and capricious abuse of discretion;

iv. Enter Judgment ordering the Defendants to adjudicate Plaintiff's pending Employment-Based Adjustment of Status Application;

v.  In the event there is no employment visa availability for the third preference category comprising "skilled workers or professionals" (8 U.S.C. § 1153(b)(3) (2006)) USCIS should be directed to adjudicate Plaintiff's Employment-Based Adjustment of Status and hold the adjudicated file pending until the employment visas are available for the third preference category.

vi. Award Plaintiff attorney fees, costs and expenses under the Equal Access to Justice Act; and

vii.  Grant such other and further relief, as this honorable Court deems just and appropriate.

Dated: 27 July 2006

                                                Respectfully submitted,

                                                RAJIV S. KHANNA,
Attorney for Plaintiff's
D.C. Bar No. 419023

Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205
Phone: 703-908-4800, Extension 110
Facsimile: 703-908-4890
e-mail: rskhanna@immigration.com