UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CHUNG MAO SHUNG,<br>            Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al<br>            Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 6-1340 (GK)<br> ) <br> ) <br> ) <br> ) |

## ANSWER

Defendants answer the allegations in plaintiff's complaint using the same numeration, as follows:

**I. Introduction**

Paragraph 1 – Paragraph1 is plaintiff's characterization of the complaint to which no response is required. To the extent a response is deemed to be required, denied.

Paragraph 2 – Denied.

Paragraph 3 – Denied.

Paragraph 4 – Denied.

Paragraph 5 – Defendant incorporates its responses to section VII of the Complaint, titled "Injury to Plaintiff."

**II. Jurisdiction**

Paragraphs 6-7 are plaintiff's conclusions of law concerning jurisdiction to which no response is

required. To the extent an answer is deemed to be required defendants deny that there is subject matter jurisdiction and further deny that there is jurisdiction over defendant Christina Poulos.

**III. Venue.**

Paragraph 8 is plaintiff's conclusion of law as to venue, to which no response is required. To the extent a response is deemed to be required, denied.

**IV. Parties**

Paragraph 9– Denied for lack of sufficient knowledge and information to form a belief as to the truth of the averment.

Paragraph 10– Admit pendency of AOS application, but note that the underlying visa petition was not approved until October 8, 2004, which was the earliest date upon which the I 485 AOS application could begin to be processed.

Paragraphs 11 - 15 - First sentence of each paragraph admitted. Remainder of each paragraph is a conclusion of law to which no response is required.

**V. Facts.**

Paragraph 16-17 – Admitted.

Paragraph 18 – Admit plaintiff filed the I 485 application on July 2, 2003 and its current pendency before CIS, but deny that it could have been adjudicated at any time prior to the approval of the I-140 visa petition on October 8, 2004, a period of two years.

Paragraph 19– Denied for lack of sufficient knowledge and information, pending completion of ongoing background investigation.

Paragraph 20– Denied. The visa petition in this case was not approved until October 8, 2004. This was the earliest date that a visa would have been available to the Plaintiff.

Paragraph 21– Denied. This non-binding sense of the Congress statement does not override the obligation of CIS to obtain a completed background security investigation prior to adjudicating this application.

Paragraph 22– Denied.

Paragraph 23– Admitted. It is customary to renew an employment application once a year.

Paragraph 24– Admitted.

Paragraph 25 – Admitted.

Paragraph 26 – Admitted.

Paragraph 27 – CIS admits that inquiries have been made to it, and that it has clearly indicated that it cannot adjudicate this application until the completion of appropriate background security investigation of the plaintiff.

**VI. Relevant Law and Procedures.**

**Employment Based Categories**

Paragraphs 27 through 33 enumerate the five employment based statutory categories of immigrants under the INA. They are pure statements of law and require no answer.

**Timeliness, Requirements and Consequences**

Paragraphs 34-41 set forth general principles of law involving the adjudication of applications for permanent residence, the characteristics of the status of a permanent residents and related matters, to which no response is required.

**Employment Authorization**

Paragraphs 42-43 set forth general principles regarding the issuance and annual renewal of employment authorizations (EAD's) for Adjustment of Status (AOS) Applicants and legal

conclusions to which no response is required..

**Repeated Fingerprinting**

Paragraphs 44-45 enumerate CIS requirements for periodic electronic submission and re-submission of fingerprints to FBI every 15 months. Defendants admit that there are requirements for periodic resubmission of fingerprints. Defendants further aver that the periodic resubmissions are required to determine that: (1) the applicant is the still the same individual who initially filed the application and not an impostor, and (2) to ascertain whether the applicant has been arrested and/or convicted of a crime or crimes since the previous submission.

**VII. Injury to Plaintiff**

Paragraphs 46– 48 – Denied for lack of information or knowledge sufficient to form a belief as to the truth of the allegation.

Paragraph 49– Denied. Plaintiff's application will be adjudicated promptly following completion of his background security investigation.

Paragraph 50– Denied.

Paragraph 51– Denied except to admit that if plaintiff permits his employment authorization document (EAD) to expire without renewing it, he will be working out of status.

Paragraph 52– Denied except to admit that if the Plaintiff fails to electronically re-submit his fingerprints when periodically required, his application for permanent residence will be deemed abandoned.

Paragraph 53 – Defendant lacks knowledge or information sufficient to admit or deny the basis for plaintiff's beliefs.

Paragraph 54—Denied.

**VIII. Grounds for Relief**

Paragraphs 55 – 59 --Denied.

**Count I  Mandamus Action 28 U.S.C. § 1361**

Paragraph 60 – Defendants reallege answers 1-59.

Paragraphs 61-67.  Denied.

**Count II Fifth Amendment.**

Paragraph 68 – Defendants reallege answers 1-67.

Paragraphs 69-70 – Denied.

**Count III Violation of INA 8 U.S.C. § 1101 et seq.**

Paragraph 71 – Defendants reallege answers 1-70.

Paragraphs 72-74 -- Denied.

**Count IV Administrative Procedures Act 5 U.S.C. § 555 and 701 et seq.**

Paragraph 75 – Defendants reallege answers 1-74.

Paragraphs 76-78 – Denied.

**Count V Declaratory Judgment Act**

Paragraph 79 – Defendants reallege answers 1-78.

Paragraphs 80-82 – Denied.

**Count VI.  Equal Access to Justice Act 5 U.S.C. § 504 and 28 U.S.C. § 2412**

Paragraph 83 – Defendants reallege answers 1-82.

Paragraph 84 – Defendants lack knowledge or information sufficient to admit or deny plaintiff's planned future acts.  Deny that plaintiff is entitled to fees and costs under EAJA.

**IX.(sic)  Prayer for relief --** To the extent that any answer is deemed required, deny that plaintiff

is entitled to the relief requested or to any relief whatsoever.

All allegations in plaintiff's complaint which are not specifically admitted herein are denied.

WHEREFORE defendants respectfully pray that this answer be deemed good and sufficient and that, after due proceedings had, there be judgment herein in favor of the defendants and against the plaintiff dismissing his claims at his cost and his expense and for all such other relief as may be just and proper.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514-6970

Of Counsel:
Richard G. Vinet
California Service Center – CIS